**\*NOT FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ELIJAH MATHEWS PITTMAN, | : | |
| | : | Civil Action No. 15-3371 (MAS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SAINT FRANCIS HOSPITAL, et al., | : | |
| | : | |
| Defendants. | : | |

**SHIPP, District Judge:**

*Pro se* Plaintiff Elijah Mathews Pittman ("Plaintiff") brings this action *in forma pauperis* pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). For the reasons stated below, the Court dismisses the Complaint for failure to state a claim upon which relief can be granted.

### I.    STANDARD OF REVIEW

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to accept its factual allegations as true, *see James v. City of Wilkes–Barre*, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment").

## II.   DISCUSSION

A plaintiff can pursue a cause of action under § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am.*

*Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-1 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-7 (3d Cir. 2013).

In the Complaint, all of Plaintiff's claims arise out of a single act by Defendant "Jan Dow," a nurse employed by Defendant Saint Francis Hospital, for "covering [Plaintiff's] entire body up with a white sheet face and feet" while transporting Plaintiff inside of the hospital. Compl. 4, 8, ECF No. 1. Plaintiff asserts that this was done maliciously because of his race, his braided hair, and his status as a prisoner. *Id.* at 9. Plaintiff claims that this was discriminatory and inhumane, and that it made him feel "like [he] was a dead corpse." *Id.* All claims against all other Defendants relate to Plaintiff's sweeping assertions that they failed to supervise or otherwise prevent Jan Dow from committing this alleged violation of Plaintiff's rights.

To begin, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" 42 U.S.C. § 1997e(e); *see also Jackson v. Taylor*, No. 05-823, 2008 WL 4471439, at *4 (D. Del. Sept. 26, 2008) ("Actual injury is a prerequisite to any claim under § 1983"). In enacting § 1997e(e), Congress intended "to curtail frivolous and abusive prison litigation," and noted that "unlike physical injuries, emotional injuries are inherently difficult to verify and therefore tend to be concocted for frivolous suits." *Mitchell v. Horn*, 318 F.3d 523, 535 (3d Cir. 2003) (citation and quotation omitted). Here, there is simply no allegation that Plaintiff suffered any physical injury, so on that basis alone, Plaintiff fails to state a claim upon which relief may be granted.

Furthermore, Plaintiff fails to establish any violation of a right secured by the Constitution or federal laws. Although the Court is cognizant of the embarrassment, disrespect, and humiliation that Plaintiff must have felt as a result of Jan Dow's actions, Plaintiff has not alleged that any of

3

his federally-protected rights had been violated, nor can the Court infer any such violation based on Plaintiff's factual allegations. "[W]here liberty interests are asserted as a basis for liability pursuant to § 1983, courts have consistently undertaken a threshold inquiry at the onset of litigation: First, courts must address . . . whether the plaintiff has alleged the deprivation of an actual constitutional right at all." *McCurdy v. Dodd*, 352 F.3d 820, 825-26 (3d Cir. 2003) (citations and quotations omitted). There is no independent constitutional right to be free of embarrassment, disrespect, and/or humiliation. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) ("interest in reputation . . . is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law"); *Cooley v. Barber*, No. 07-3327, 2007 WL 2900550, at *1 (3d Cir. Oct. 4, 2007) (finding that plaintiff's allegations of embarrassment and damage to his reputation are insufficient to state a claim under § 1983); *Dawson v. N.J. State Trooper Barracks*, No. 11-2779, 2011 WL 3653671, at *5 (D.N.J. Aug. 19, 2011) ("[A]ll [the plaintiff] alleged was his embarrassment, shyness, hypothetical concern with suffering a social stigma and other forms of his emotional displeasure. However, the United States Constitution and its Due Process Clause do not provide Plaintiff with the right to pleasantries."); *Word v. Proctor*, No. 00-205, 2003 WL 1844952, at *2 (D. Del. Mar. 31, 2003) (finding that allegations of harassment, embarrassment and defamation are not cognizable under § 1983); *see also Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) ("Rather, to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation *plus* deprivation of some additional right or interest.") (emphasis in the original).

Finally, the Court dismisses the Complaint without giving Plaintiff an opportunity to amend. Dismissal with prejudice without amendment is appropriate when granting leave to amend would be futile. *Grayson*, 293 F.3d at 111. This is so even when the dismissal is effected through

§ 1915(e)(2) screening. *Id.* Indeed, although *pro se* plaintiffs are allowed to amend inadequately pled complaints, *see Denton*, 504 U.S. at 34, the futility exception still applies since it has a long history of being used to dismiss frivolous claims without granting leave to amend, *see Grayson*, 293 F.3d at 112–13. Here, based on the trivial nature of Jan Dow's alleged actions, and the lack of allegations suggesting physical injuries, the Court finds that no amendment would cure the fatal flaws in the Complaint. As such, the Complaint is dismissed with prejudice.

### III.    CONCLUSION

For the reasons set forth above, the Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

Michael A. Shipp, U.S.D.J.

Dated: 11/4/15

5